In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Petitioner, against MILL ROAD LIVE POULTRY MARKET, INC., et al., Respondents.

POULTRY SCHOCKTIN UNION OF GREATER NEW YORK, LOCAL 370, A. F. of L., Intervener.

Supreme Court, Special Term, New York County, November 13, 1943.

*Daniel Kornblum* for petitioner.

*Louis Marcus* for Mill Road Live Poultry Market, Inc., respondent.

*Leon A. Cohen* for Philip Milavsky, doing business as Bowery Live Poultry Market, and another, respondents.

*Ashe & Rifkin* for intervener.

COLLINS, J. Despite earnest insistence to the contrary, I cannot agree that there is no substantial evidence to support the Board's findings. Much extraneous matter has been injected; with this the court cannot concern itself. Nor is the court empowered to correct or ameliorate some of the abuses and vicious practices here assailed. Relief therefor must be sought of the parties and organizations affected. Certainly if the dire picture so graphically etched by the respondents and the interveners is true, rectification is distressingly urgent. It is most unfortunate that a vocation which stems from a religion should be enmeshed in an acrimonious public squabble. Unfortunate, too, that the differences and practices here disclosed, were not composed without resort to litigation.

The record reveals substantial evidence to support the Board's finding that " In each case the discharges of members of Local 112 occurred because of the presence, threatened or actual, of the Intervenor, Local 370, rather than because of the wholly voluntary act of the Respondent-Employer ". Substantial evidence likewise supports the finding that the three employees were discriminately discharged because of the pressure of Local 370, a more powerful union, which would not admit them to membership. The credibility of evidence is for the Board. (*National Labor Relations Bd.* v. *Western Cartridge Co.*, 138 F. 2d 551.) " * * * the duty of weighing the evidence and making the choice rests solely upon the Board." (*Matter of Stork Restaurant, Inc.*, v. *Boland*, 282 N. Y. 256, 267.) And the matter of respondents' intent is not the crucial issue. (*National Labor Relations Bd.* v. *Hudson Motor Car Co.*, 128 F. 2d 528, 533.)

The court cannot substitute its judgment on conflicting evidence for that of the Board. Such is not the court's province. Yet the objectors ask in effect that the court weigh the niceties. Not only are the Board's findings supported by substantial evidence, but the Board's order is justified by the facts and the law.

Therefore, the petitioner's application for an order enforcing the Board's order of September 4, 1942, pursuant to sections 704 and 706 of the Labor Law (New York State Labor Relations Act), is in all respects granted. Settle order accordingly.